IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAYTON WILLIAMS,                      *
          Plaintiff

                                       *

          v.                                    CIVIL ACTION NO.  JFM-12-1875

                                       *

MS. DENISE GELSINGER, et al.,
          Defendants                   *

                                  ******

## MEMORANDUM

Seeking damages, plaintiff, who is self-represented,  filed suit against Denise Gelsinger and

Scott Oakley.  He alleges that in 1998, Gelsinger improperly denied him access to his attorney.  ECF

No. 1.   Plaintiff's motion for leave to proceed in forma pauperis (Paper No. 2) shall be granted.

Because plaintiff has been granted leave to proceed *in forma pauperis*, this court may review

the claims in the plaintiff's complaint before service of process and dismiss the complaint if it has no

factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*,

504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951

(4th Cir. 1995).     This complaint is subject to dismissal.

Section 1983 provides a federal cause of action, but in several respects federal law looks to

the law of the State in which the cause of action arose. This holds true for the length of the statute of

limitations, which is that which the State provides for personal-injury torts.  *See Wallace v. Kato*,

549 U.S. 384, 387 (2007), citing  *Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia*,

471 U.S. 261, 279-280 (1985).  In Maryland the applicable statute of limitations is three years from

the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101.  Plaintiff alleges that in

1998 his appellate attorney contacted Gelsinger a arrange to visit or telephone consultation.

Gelsinger advised his attorney's representative that he was in isolation and unavailable to receive

visitors or telephone calls.  Shortly thereafter, plaintiff's attorney wrote to him advising him that she

had attempted to contact him prior to filing his appellate brief, as per her usual practice.  She advised

plaintiff that her staff had been told plaintiff was unavailable and further advised plaintiff that the

appeal brief had been filed on his behalf.  ECF  No. 1, Attachment.  Some 14 years later, plaintiff

files this civil rights case.  The complaint is clearly outside the applicable statute of limitations and

shall be dismissed pursuant to 28 U.S.C. § 1915 (e) (2).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if

he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim

on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.


__July 2, 2012__                     _____/s/_____

(Date)                                   J. Frederick Motz

                                          United States District Judge